# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| MAURICE G. MINER, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:25-cv-01266-GCS** |
| vs. | ) | |
| | ) | |
| ILLINOIS DEPARTMENT OF CENTRAL | ) | |
| MANAGEMENT SERVICES, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Pending before the Court is Defendant Central Management Services' Motion to Dismiss. (Doc. 9). Plaintiff filed this case alleging employment discrimination based upon race under Title VII of the Civil Rights Act of 1967, 42 U.S.C. § 2000e-5. (Doc. 1). Defendant moved to dismiss the case for Plaintiff's failure to effectuate proper service, failure to attach a letter of right to sue from the Equal Employment Opportunity Commission, and failure to diligently pursue his claim. (Doc. 9). Plaintiff opposes the motion. (Doc. 12). For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss.

### DISCUSSION

Plaintiff has failed to properly serve Defendant. Pursuant to Rule 12(b)(5), a party may assert a defense to a claim for relief by motion for insufficient service of process. *See* FED. R. CIV. PROC. 12(b)(5). When the defendant files a motion to dismiss pursuant to Rule

Page **1** of **3**

12(b)(5), the plaintiff bears the burden of proving there was proper service. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Under Rule 4(c), the summons and complaint must be served by someone who is at least 18 years old and not a party. *See* FED. R. CIV. PROC. 4(c)(2). A state governmental organization that is subject to suit must be served either by delivery of a copy of the summons and complaint on the chief executive officer or delivery of summons through that specific state's law. *See* FED. R. CIV. PROC. 4(j)(2). Pursuant to Illinois state law, in the case of "public, municipal, governmental and quasi-municipal corporations, summons may be served . . . [on] the president or clerk or other officer corresponding thereto . . . ." *See* 735 ILL. COMP. STAT. § 5/2-211. Here, Plaintiff has failed to effectuate legal service of process on Defendant. Plaintiff asserts that he sent proof of service and summons to Defendant via certified mail and that Defendant signed for delivery. (Doc. 12, p. 2). Mailing a summons to a Defendant is not proper service under Rule 4 of the Federal Rules of Civil Procedure or Illinois Code of Civil Procedure Section 5/2-211. The Court finds that Plaintiff failed to serve Defendant. Accordingly, dismissal under Rule 12(b)(5) is appropriate and the Court need not reach the remainder of Defendant's submissions.

## CONCLUSION

For the foregoing reasons, Defendant Central Management Services' Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: March 31, 2026.**

Gilbert C Sison

Digitally signed by
Gilbert C Sison
Date: 2026.03.31
07:09:35 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**